In the Matter of the Claim of Mrs. CATHERINE DOOLEY, Respondent, against M. SHAPIRO & SON and MASSACHUSETTS BONDING AND INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award for death benefits. It is unquestioned that decedent on May 19, 1931, received an injury which arose out of and in the course of the employment. He died February 5, 1937. The appellants contend that no causal relation was shown between the injury and the death. A physician testified that death was caused by the injury. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of EMIL THUMBERG, Respondent, against ROEJOHN ASSOCIATES, INC., and THE FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellants, and 80 WINTHROP ST. CORP. and ÆTNA INSURANCE COMPANY (ÆTNA LIFE INSURANCE COMPANY), Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award for disability benefits on account of an injury causing a strain to claimant's back. The accident happened on November 6, 1935, while he was employed by the employer-appellant herein. He had sustained a previous accident and injury to his back on May 25, 1934, while in the employ of a previous employer. Appellants claim the later disability was connected with the previous accident and that the award should have been made against both employers and their carriers. The Board held that the later disability was solely the result of the second accident, and the evidence supports such finding. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

## (November 22, 1938.)

CATHERINE VENNARD, as Administratrix, etc., of PATRICK GORMLEY, Deceased, Plaintiff, v. ALBANY SAVINGS BANK, Defendant.— Motion by defendant to be relieved from a stipulation in a submitted controversy on the ground that additional facts are asserted to have come to the attention of the defendant. Motion granted, and submission of controversy dismissed, without prejudice to the plaintiff to bring a new action; with a full bill of costs and disbursements to the plaintiff. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.